UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 25-cr-118-pp

v.

CARMELO HERNANDEZ-RAMIREZ,

Defendant.

**ORDER ADOPTING JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 158), DENYING DEFENDANT'S MOTION TO DISMISS CASE WITH PREJUDICE (DKT. NO. 122) AND DISMISSING CASE WITHOUT PREJUDICE**

On June 17, 2025, a grand jury returned a twenty-two-count indictment; Count One charged the defendant (and thirteen co-defendants) with conspiring to distribute 500 grams or more of a substance containing cocaine and 50 grams or more of a substance containing methamphetamine. Dkt. No. 82.

The defendant is not a United States citizen. Dkt. No. 122 at 2. He was arrested on May 29, 2025; on June 5, 2025, after a contested detention hearing, Magistrate Judge Joseph ordered him released pre-trial. Id. at 2. The U.S. Marshals Service then transferred custody of the defendant to U.S. Immigration and Customs Enforcement (ICE). Id. Sometime between October 15 to October 22, 2025, ICE removed the defendant from the country. Id.

Defense counsel moved to dismiss the case with prejudice, arguing that by deporting the defendant, the government had violated his Fifth and Sixth Amendments rights, the Speedy Trial Act, the Bail Reform Act and Rule 43 of

1

the Federal Rules of Criminal Procedure. Dkt. No. 122. The government opposed the motion to the extent that the defendant sought a dismissal *with* prejudice but acknowledged that the court should dismiss the case (albeit *without* prejudice). Dkt. No. 128.

On May 11, 2026, Magistrate Judge Joseph issued a report recommending that this Article III court deny the defendant's motion to dismiss with prejudice, but that it accept the government's agreement to dismiss the case without prejudice. Dkt. No. 158. Three days later, defense counsel filed a letter advising the court that he would not file any objection to Judge Joseph's report and recommendation. Dkt. No. 160. Because no party objected and Judge Joseph's ruling is neither erroneous nor contrary to law, the court will adopt her recommendation, deny the defendant's motion to dismiss to the extent that it seek dismissal *with* prejudice and dismiss the case *without* prejudice.

## I.    Report and Recommendation (Dkt. No. 158)

District judges may designate magistrate judges to hear and determine motions to dismiss in a criminal case. 28 U.S.C. §636(b)(1)(B). The magistrate judge must submit a report and recommendation for disposition. 28 U.S.C. §636(b)(1)(B). Parties have fourteen days to object to the magistrate judge's report and recommendation; if a party objects, the district judge must make a *de novo* determination of the portions of the report and recommendation to which the party objects. 28 U.S.C. §636(b)(1)(C). Even without an objection, a district judge may reconsider the magistrate judge's ruling "where it has been

2

shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

Judge Joseph interpreted the parties' dispute as one regarding only whether dismissal of the defendant's case should be with or without prejudice. Dkt. No. 158 at 3. Although the defendant did not mention it, Judge Joseph began with Federal Rule of Criminal Procedure 48(a), which requires the government to seek and obtain the court's leave before dismissing all or parts of an indictment. Dkt. No. 158 at 3. She recounted that cases interpreting this rule emphasize the Constitution's commitment of the authority to commence and pursue prosecutions to the executive branch, not the judicial one, see United States v. Martin, 287 F.3d 609, 623 (7th Cir. 2002)), and explained that dismissals under Rule 48(a) generally are without prejudice unless retrial would be "fundamentally unfair" or "constitute harassment." Id. (citing United States v. Guimares, Case No. 25-cr-10129, 2025 WL 1899046, at *3 (D. Mass. July 9, 2025)).

Judge Joseph agreed with the defendant that his removal from the country (and the accompanying inability to participate in his defense) violated his rights under the Fifth and Sixth Amendments. Id. at 4-5. As to whether the dismissal should be with prejudice, Judge Joseph observed that some courts in similar circumstances have been perplexed by the lack of executive branch cohesion and have dismissed *with* prejudice cases against a deported defendant in order to force coordination among agencies in the executive branch and to preserve all criminal defendants' constitutional and statutory

3

rights. Id. at 5-6 (citing United States v. Barrera-Omana, 638 F. Supp. 2d 1108, 1111-12 (D. Minn. July 23, 2009); Guimares, 2025 WL 1899046, at *6; United States v. Escobedo-Molina, 790 F. Supp. 3d 1283, 1293-98 (D. N.M. 2025); and United States v. Lutz, Case No. CR-19-00692, 2019 WL 5892827, at *5 (D. Ariz. Nov. 12, 2019)).

But although she agreed that the public has an interest in "coordination between the Executive Branch agencies to ensure that all criminal defendants' constitutional and statutory rights are followed" and that that interest "weighs in favor of dismissal with prejudice," she concluded that in this case, the scale tipped in favor of dismissal without prejudice. Id. at 6. She explained that the defendant's deportation had occurred early enough in his criminal case that defense counsel could not show that dismissal without prejudice would not cure the Fifth and Sixth Amendment violations. Id. at 6 (collecting five district court cases from across the country that reached a similar conclusion). She emphasized the serious nature of the offense, concluding that the public's interest would best be served by dismissal without prejudice. Id. at 7. And she concluded that dismissal without prejudice was not a "toothless sanction" under these circumstances, because, before expiration of the limitation period, the government would be required to seek a new indictment. Id. She also emphasized that other courts in this district have dismissed deported defendants' indictments without prejudice. Id. (citing United States v. Sotelo-Munoz, Case No. 25-CR-172, Dkt. No. 10 (E.D. Wis. 2025); and United States v. Noe Pimentel Linares, Case No. 25-CR-204, Dkt. No. 221 (E.D. Wis. 2025)).

4

Judge Joseph rejected the defendant's argument that "in criminal cases where there is an ICE detainer, the government must choose whether to proceed with the federal criminal prosecution or with the removal of the defendant." Id. She found that the Immigration and Nationality Act ("INA") and the Bail Reform Act have different purposes, and observed that other courts have found the two statues do not conflict. Id. at 8 (citing cases from the D.C., Fifth, Tenth, Eighth, Third, Second and Sixth Circuits finding that pretrial release under the Bail Reform Act does not preclude pre-removal detention under the INA).

Judge Joseph closely examined one case cited by the defendant, United States v. Trujillo-Alvarez, 900 F. Supp. 2d 1167 (D. Or. 2012). Id. at 9-11. After thoroughly describing the factual circumstances in Trujillo-Alvarez, Judge Joseph explained that there, the executive branch had taken the defendant into custody for the purposes of prosecution, but when the court had released him on pre-trial bond, ICE had taken custody of him and taken him to an ICE detention center. Id. at 9. Judge Joseph explained that the Trujillo-Alvarez court had held that the executive branch could not eat its cake and still have it—it could not take a defendant into custody for the purposes of prosecution, then elect to continue that prosecution without complying with the conditions of the Bail Reform Act; the court had given the executive a deadline by which to notify the court whether it was going to continue prosecution (and present the defendant physically, in court) or whether it was going to forego prosecution in lieu of detention. Id. at 11. The Trujillo-Alvarez court stated that if the

5

executive did not return the defendant to the district by the deadline (thus enabling prosecution to continue), the criminal charges would be dismissed *with* prejudice. Id.

Judge Joseph said that, just as in Trujillo-Alvarez, the executive here had the authority to either deport the defendant or prosecute him. Id. She explained that the Trujillo-Alvarez court stated that what the executive *could not* do was "hold someone in ICE custody to skirt the requirements of the Bail Reform Act." Id. She explained that to ensure the executive timely chose between deportation or prosecution, the Trujillo-Alvarez court threatened dismissal with prejudice as a sanction for a delay in making that choice. Id. But she pointed out that in *this* case, the government had made its decision—it has decided to deport the defendant, rather than prosecute him. "Thus," Judge Joseph said, "dismissal with prejudice is not warranted in this case." Id.

Judge Joseph also explained:

> Nor is dismissal with prejudice the only remedy available to vindicate [the defendant's] interests under the Bail Reform Act. The record is clear and uncontested that [the defendant] did not absent himself from the jurisdiction. Rather, the government, in deporting him, made him unavailable for prosecution. Should he later be prosecuted, his removal by ICE and his unavailability for prosecution cannot reasonably be used as evidence of flight from the jurisdiction. Thus, because the INA and the Bail Reform Act do not conflict and the government has elected to dismiss the case against [the defendant], vindication of his rights under the Bail Reform Act do not compel dismissal with prejudice.

Id.

Judge Joseph also considered the defendant's argument that the Speedy Trial Act required dismissal with prejudice. Id. at 12. She calculated all

6

excluded time through the date of her order, concluding that the Speedy Trial clock had not expired. Id. She also found that even if there had been a violation of the Speedy Trial Act, balancing the factors articulated by the Seventh Circuit would weigh in favor of dismissal without prejudice. Id. at 12-13 (citing the factors articulated in United States v. Lloyd, 50 F.4th 648, 654 (7th Cir. 2022)). She concluded that there had been no serious delay and no prosecutorial misconduct that dismissal with prejudice would deter. Id. at 13-14. But though Judge Joseph found that the government had not engaged in any misconduct that would be deterred by dismissal with prejudice, she commented that she "share[d] the perplexion of the judges cited above regarding the inability of two agencies within the Executive Branch to coordinate their efforts," expressing a concern "that the government's failure to coordinate may result in a pattern of Fifth and Sixth Amendment violations." Id. at 14.

Finally, Judge Joseph rejected the defendant's argument that the government had violated Fed. R. Crim. P. 43, which requires the defendant's presence at each stage of the criminal prosecution. Id. at 14-15. She found that "[t]here has been no violation that has yet impacted on the outcome of [the defendant's] trial," because trial had not proceeded in his absence. Id. at 15.

This Article III court finds that Judge Joseph's recommendation that this court deny the defendant's motion to dismiss with prejudice and instead dismiss the case without prejudice was neither clearly erroneous nor contrary to law. The court will adopt Judge Joseph's well-reasoned recommendation as the order of the court and dismiss the case, *without* prejudice.

7

## II.   Conclusion

The court **ADOPTS** Judge Joseph's report and recommendation. Dkt. No. 158.

The court **DENIES** the defendant's motion to dismiss his case with prejudice. Dkt. No. 122.

For the reasons stated in Judge Joseph's report and recommendation, the court **ORDERS** this case is **DISMISSED WITHOUT PREJUDICE** on agreement from the government.

Dated in Milwaukee, Wisconsin this 19th day of May, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

8